# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TAPESTRY, INC., a Maryland Corporation; and DOES 1 through 25, inclusive

**FILED BY FAX**
ALAMEDA COUNTY

September 04, 2018

CLERK OF
THE SUPERIOR COURT

By Burt Moskaira, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOHN ORNELAS, individually and on behalf of all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Alameda County Superior Court
1225 Fallon Street
Oakland, CA 94612

CASE NUMBER:
*(Número del Caso):*
**RG18920047**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael H. Boyamian, SBN 256107; Armand R. Kizirian, SBN 293992 - Boyamian Law, Inc.
550 N. Brand Blvd., Suite 1500, Glendale, CA 91203 - T: (818) 547-5300 | F: (8

DATE:
*(Fecha)* September 04, 2018

Clerk, by _____, Deputy
*(Secretario)*           *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)     [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

**EXHIBIT A TO CHRISTIE DECLARATION, PAGE 2**

**FILED BY FAX**
ALAMEDA COUNTY

September 04, 2018

CLERK OF
THE SUPERIOR COURT
By Burt Moskaira, Deputy

CASE NUMBER:

**RG18920047**

1  BOYAMIAN LAW, INC.
   MICHAEL H. BOYAMIAN, SBN 256107
2  ARMAND R. KIZIRIAN, SBN 293992
   550 North Brand Boulevard, Suite 1500
3  Glendale, California 91203
   Telephone:     (818) 547-5300
4  Facsimile:     (818) 547-5678
   E-mail(s):     michael@boyamianlaw.com
5                 armand@boyamianlaw.com

6  LAW OFFICES OF THOMAS W. FALVEY
   THOMAS W. FALVEY, SBN 65744
7  550 North Brand Boulevard, Suite 1500
   Glendale, California 91203
8  Telephone:     (818) 547-5200
   Facsimile:     (818) 500-9307
9  E-mail:        thomaswfalvey@gmail.com

10 Attorneys for Plaintiff JOHN ORNELAS,
   individually and on behalf of all others similarly situated

11

12              **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

13                       **FOR THE COUNTY OF ALAMEDA**

14 JOHN ORNELAS, individually and on          )  **CASE NO.:**
   behalf of all others similarly situated,   )
15                                            )  [CLASS ACTION]
                            Plaintiff,        )
16        vs.                                 )  **COMPLAINT FOR:**
                                              )
17 TAPESTRY, INC., a Maryland corporation;    )  1.   UNPAID WAGES (LABOR
   and DOES 1 through 25, inclusive,          )       CODE §§ 216 and 1194);
18                                            )  2.   FAILURE TO PAY
                                              )       MINIMUM WAGE (LABOR
19                          Defendants.        )       CODE §1194 *et seq.*);
                                              )  3.   FAILURE TO PAY
20                                            )       OVERTIME COMPENSATION
                                              )       (LABOR CODE §510)
21                                            )  4.   FAILURE TO PROVIDE
                                              )       MEAL & REST PERIODS
22                                            )       (LABOR CODE § 226.7 and
                                              )       512)
23                                            )  5.   FAILURE TO FURNISH
                                              )       ACCURATE WAGE AND
24                                            )       HOUR STATEMENTS
                                              )       (LABOR CODE § 226);
25                                            )  6.   WAITING TIME PENALTIES
                                              )       (LABOR CODE §§ 201-203); and
26                                            )  7.   UNFAIR COMPETITION
                                              )       (BUSINESS AND PROFESSIONS
27                                            )       CODE § 17200, *et seq.*)
                                              )
28                                            )  **JURY TRIAL DEMANDED**

1

COMPLAINT

**EXHIBIT A TO CHRISTIE DECLARATION, PAGE 3**

1    Plaintiff JOHN ORNELAS ("Plaintiff"), individually and on behalf of all similarly

2   situated individuals, alleges as follows:

3                               **GENERAL ALLEGATIONS**

4        1.    This is a proposed class action brought against Defendants TAPESTRY, INC.,

5   and DOES 1 through 25, inclusive (collectively, "Defendants", "Tapestry" or "Company"), on

6   behalf of Plaintiff and all other individuals who were or are employed as non-exempt, hourly

7   employees at Defendant's Stuart Weitzman, Kate Spade, and Coach retail stores and locations in

8   California (collectively, "Sales Employees" or "Class Members"), at any time during the four

9   years preceding the filing of this action, and continuing while this action is pending ("Class

10  Period"), and who were denied the benefits and protections required under the Labor Code and

11  other statutes and regulations applicable to employees in the State of California.

12       2.    During the Class Period, Defendant:

13           a.    failed to pay wages for all hours worked, including for hours

14                 worked in excess of eight hours a day or forty hours a week, by the Sales

15                 Employees;

16           b.    failed to pay minimum wages due to the Sales Employees;

17           c.    failed to provide the Sales Employees with timely and accurate wage and

18                 hour statements;

19           d.    failed to pay the Sales Employees compensation in a timely manner upon

20                 their termination or resignation;

21           e.    failed to maintain complete and accurate payroll records for the Sales

22                 Employees;

23           f.    wrongfully withheld wages and compensation due to the Sales

24                 Employees; and

25           g.    committed unfair business practices in an effort to increase profits and to

26                 gain an unfair business advantage at the expense of the Sales Employees

27                 and the public;

28  ////

---

2

COMPLAINT

**EXHIBIT A TO CHRISTIE DECLARATION, PAGE 4**

1    3.    The foregoing acts and other acts by Defendant - committed throughout California

2  - violated numerous provisions of California law, including Labor Code §§ 201, 202, 203, 204,

3  210, 216, 223, 225.5, 226, 226.3, 226.7, 510, 512, 558, 1174, 1174.5, 1194, 1194.2, 1197,

4  1197.1, 1198, 1199, 2802, and 2698 *et seq.* and the applicable Wage Orders issued by the

5  Industrial Welfare Commission,  (collectively, "Employment Laws and Regulations"), Business

6  & Professions Code §§ 17200 *et seq.*, and violated Plaintiff's rights and the rights of the Sales

7  Employees.

8                              **JURISDICTION AND VENUE**

9    4.    This class action is brought pursuant to California Code of Civil Procedure

10  section 382. The monetary damages and restitution sought by Plaintiff exceed the minimal

11  jurisdiction limits of the Superior Court and will be established according to proof at trial.

12    5.    This Court has jurisdiction over this action pursuant to the California

13  Constitution, Article VI, section 10. The statutes under which this action is brought do not

14  specify any other basis for jurisdiction.

15    6.    Venue is proper in this judicial district, pursuant to California Code of Civil

16  Procedure section 395(a) and 395.5 in that liability arose in the County of Alameda because at

17  least some of the transactions that are the subject matter of this complaint occurred therein and/or

18  each defendant is found, maintains offices, transacts business and/or has an agent therein.

19    7.    Plaintiff is informed and believes and on that basis alleges that Defendant

20  TAPESTRY, INC. is not registered as a foreign corporation with California Secretary of State

21  and has not designated any county in California as its principal place of business.  As such, venue

22  is proper in any county in California.

23                                  **THE PARTIES**

24    8.    Plaintiff John Ornelas was employed by Defendant as a non-exempt, hourly Sales

25  employee within the last year, and worked out of Defendants' Stuart Weitzman retail store

26  located at the Topanga mall in Canoga Park, California.  Plaintiff also periodically worked at

27  Defendant's Stuart Weitzman store locations in Beverly Hills, California.

28    9.    Defendant TAPESTRY, INC. are, and at all relevant times, was a corporation

3<br>COMPLAINT

1  incorporated under the laws of Maryland, and having a principal place of business in New York.

2  Upon information and belief, the Company owns and operates a chain of retail stores and

3  locations in California under the names "Stuart Weitzman", "Kate Spade", and "Coach", and sell

4  clothing, accessories, and/or furniture.

5          10.     Plaintiff is currently unaware of the true names and capacities of the defendants

6  sued in this action by the fictitious names DOES 1 through 25, inclusive, and therefore sue those

7  defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names

8  and capacities of such fictitiously named defendants when they are ascertained. Plaintiff is

9  informed and believe and based thereon state that the persons sued herein as DOES are in some

10  manner responsible for the conduct, injuries and damages herein alleged.

11          11.     Plaintiff is informed and believe and based thereon allege that each defendant

12  sued in this action, including each defendant sued by the fictitious names DOES 1 through 25,

13  inclusive, is responsible in some manner for the occurrences, controversies and damages alleged

14  below.

15          12.     Plaintiff is informed and believe and based thereon allege that DOES 1 through

16  25, inclusive, were the agents, servants and/or employees of Defendants and, in doing the things

17  hereinafter alleged and at all times, were acting within the scope of their authority as such agents,

18  servants and employees, and with the permission and consent of Defendants.

19          13.     Plaintiff is informed and believes and based thereon alleges that Defendants

20  ratified, authorized, and consented to each and all of the acts and conduct of each other as alleged

21  herein. Each of the defendants was the agent and/or employee of the others, and the conduct of

22  each defendant herein alleged was authorized and/or ratified by the others. The conduct of the

23  Company was carried on by and through its authorized agents, including owners, officers,

24  directors, managers and supervisors.

25                                          **FACTS**

26          14.     Defendants employed Plaintiff John Ornelas as a non-exempt, hourly-paid

27  employee from approximately April 2016 to June 2018 at Defendant's Stuart Weitzman retail

28  locations in Canoga Park and Beverly Hills, California. During his employment, Plaintiff worked

EXHIBIT A TO CHRISTIE DECLARATION, PAGE 6

1   full-time as a Sales Associate in Defendant's retail stores. Plaintiff typically worked eight (8) or

2   more hours per day and five (5) days per week.

3           15.     During Plaintiff's employment with Defendants, the Company implemented a

4   security/loss prevention measure that requires all Sales Employees to have their bags, jackets,

5   and other personal items checked by a Tapestry employee prior to leaving the retail store for all

6   shifts and breaks. Defendant routinely fails to give Sales Employees, including Plaintiff, their

7   legally required duty-free rest and meal periods and full pay by requiring them to remain in the

8   store for a substantial period of time off the clock to engage in Tapestry's theft prevention

9   program.

10          16.     Sales Employees, including Plaintiff, would clock out in their respective stores,

11  and would wait to have another Tapestry employee to inspect their bags, clothing, and other

12  items. This was all done off-the-clock and in violation of the Employment Laws and

13  Regulations. Tapestry theft prevention program is a pervasive and continuous policy, practice,

14  and/or procedures which deprives Class Members of their full wages. Accordingly, Defendants

15  failed to pay Plaintiff and Sales Employees for all hours worked.

16          17.     Sales Employees, including Plaintiff, are and were not compensated for the time

17  spent waiting to be released from Defendant's retail stores and locations. When Class Members,

18  including Plaintiff, wait for and undergo the bag and security inspection, they are under the

19  control of their employer and must be compensated for that time. *See Morillion v. Royal Packing*

20  *Co.*, 22 Cal.4th 575 (2000); *See also Troester v. Starbucks Corp.*, 421 P.3d 1114 (2018).

21          18.     Similarly, as a result of Defendant's required bag and security inspections, Sales

22  Employees, like Plaintiff, are also regularly denied by Defendants mandated meal and rest breaks

23  in accordance with *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004 (2012).

24          19.     Accordingly, Defendants failed to pay Plaintiff and Sales Employees for all hours

25  worked.

26          20.     During Plaintiff's employment with Defendants, Defendants failed and refused to

27  provide Plaintiff with timely and accurate wage and hour statements in violation of the

28  Employment Laws and Regulations.

5

COMPLAINT

EXHIBIT A TO CHRISTIE DECLARATION, PAGE 7

21.      During Plaintiff's employment with Defendants, Defendants wrongfully withheld from Plaintiff and failed to pay wages and other compensation due for all hours worked, and as otherwise required per Employment Laws and Regulations.

22.      To the extent that any Sales Employee, including Plaintiff, entered into any arbitration agreement with any Defendant, such agreement is void and unenforceable. Any such agreement was one of adhesion, executed under duress, lacked consideration and mutuality, and is otherwise void under both Labor Code § 229 and the California Supreme Court case of *Armendariz v. Foundation Health Psychare Services, Inc.*, 24 Cal.4th 83 (2000).

**CLASS ACTION ALLEGATIONS**

23.      All current and former Sales Employees who were employed by Defendant in California during the Class Period, including Plaintiff, are proposed class members (henceforth, "Class Members").

24.      The Sales Employees' duties and activities during their respective working hours and each shift are known to and directed by Defendants, and are set and controlled by Defendants.

25.      During the Class Period, Defendants have routinely failed to provide Sales Employees with legally compliant and mandated meal and rest breaks.

26.      During the Class Period, the Company refused to compensate Sales Employees for all wages earned ("off-the-clock" work) and for all hours worked including time during which Sales Employees were subject to Defendants' control and were suffered or permitted to work for the Company. The Company failed and refused to pay Sales Employees for all hours worked, including but not limited to time worked after the official end times of their shifts.

27.      During the Class Period, Defendants have failed and refused to provide Sales Employees with timely and accurate wage and hour statements.

28.      During the Class Period, Defendants have failed and refused to pay accrued wages and other compensation earned and due immediately to Sales Employees who were terminated, and Defendants have failed and refused to pay accrued wages and other compensation earned and due within seventy-two hours to Sales Employees who ended their employment.

**EXHIBIT A TO CHRISTIE DECLARATION, PAGE 8**

29.     During the Class Period, Defendant has failed and refused to maintain complete and accurate payroll records for Sales Employees showing gross hours earned, total hours worked, all deductions made, net wages earned, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate.

30.     During the Class Period, Defendant has wrongfully withheld and failed to pay Sales Employees wages and other compensation earned and due them for all hours worked and as otherwise required pursuant to the Employment Laws and Regulations.

31.     Defendant's conduct violated the Employment Laws and Regulations. Defendant's systematic acts and practices also violated, *inter alia*, Business & Professions Code §§ 17200, *et seq.*

32.     Plaintiff also seeks of all other compensation and all benefits required pursuant to the Employment Laws and Regulations, plus penalties and interest, owed to Sales   Employees.

33.     The duties and business activities of the Class Members were essentially the same as the duties and activities of the Plaintiff described above. At all times during the Class Period, all of the Class Members were employed in the same or similar job as Plaintiff (as a non-exempt, hourly Sales  employee) and were paid in the same manner and under the same standard employment procedures and practices as Plaintiff.

34.     During the Class Period, Defendant was fully aware that Plaintiff and the Class Members were performing "off-the-clock" unpaid work and not being paid for all hours worked in violation of the provisions of the Labor Code.

35.     Defendant's violations of the Employment Laws and Regulations were repeated, willful and intentional.

36.     Plaintiff and the Class Members have been damaged by Defendant's conduct.

37.     While the exact number of Class Members is unknown to Plaintiff at the present time, based on information and belief, there are more than 50 such persons. A class action is the most efficient mechanism for resolution of the claims of the Class Members.

38.     In addition, a class action is superior to other available methods for the fair and efficient adjudication of this controversy because the damages suffered by individual Class

EXHIBIT A TO CHRISTIE DECLARATION, PAGE 9

1   Members may be relatively small, and the expense and burden of individual litigation would make

2   it impossible for such Class Members individually to redress the wrongs done to them.  Moreover,

3   because of the similarity of the Class Members' claims, individual actions would present the risk

4   of inconsistent adjudications subjecting the Defendants to incompatible standards of conduct.

5         39.     Plaintiff is currently unaware of the identities of all the Class Members.

6   Accordingly, Defendants should be required to provide to Plaintiff a list of all persons employed

7   as Sales Employees (and similarly situated individuals who held titles involving the sale and

8   service of products in Stuart Weitzman, Kate Spade, and Coach retail locations) in California

9   beginning four years prior to the filing of this Complaint until the present, stating their last known

10  addresses and telephone numbers, so that Plaintiff may give such Class Members notice of the

11  pendency of this action and an opportunity to make an informed decision about whether to

12  participate in it.

13        40.     The proposed Class that Plaintiff seeks to represent is defined as follows:

14        All Sales Employees who are or have been employed by Defendant in the State of
          California at any time and at any Kate Spade, Coach, and/or Stuart Weitzman retail store
15        or location during the four years prior to the commencement of this suit and continuing
          while this Action is pending.
16
17        41.     There is a well-defined community of interest in the litigation and the proposed

18  Class is easily ascertainable:

          a.      Numerosity:  While the precise number of Class Members has not been
19
20  determined at this time, Plaintiff is informed and believes that Defendants have employed in

21  excess of 100 persons as Sales Employees in California during the proposed Class Period.

          b.      Commonality:  There are questions of law and fact common to Plaintiff and
22
23  the Class that predominate over any questions affecting only individual Class Members.  These

24  common questions of law and fact include, without limitation:

25                      i.      Whether Defendants failed to compensate Plaintiff and the Class

26                              Members for all hours worked;

27                      ii.     Whether Defendants did not have any formal policies or procedures

28                              in place applicable to Plaintiff and Class Members relating to meal

                                periods;

                                        8
                                   COMPLAINT

iii.    Whether Defendants' theft prevention program failed to pay Plaintiff and the Class Members for all hours worked including overtime premium pay by requiring Class Members to engage in post shift activities without wages.

iv.    Whether Defendants uncompensated theft prevention program interrupted, impeded, or shortened the time for Class Members to take meal and rest breaks that did not comply with the requirements of *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004 (2012);

iv.    Whether Defendants failed to pay Plaintiff and the Class Members the required minimum wage for every hour where work was performed;

v.    Whether Defendants failed to provide Plaintiff and the Class Members with accurate itemized statements;

vi.    Whether Defendants failed to provide meal breaks for Plaintiff and the Class Members;

vii.    Whether Defendants owe Plaintiff and the Class Members waiting time penalties pursuant to Labor Code §203;

viii.    Whether Defendants engaged in unfair business practices under Business and Professions Code §17200;

ix.    The effect upon and the extent of damages suffered by Plaintiff and the Class Members and the appropriate amount of compensation.

c.    <u>Typicality</u>: Plaintiff's claims are typical of the claims of the proposed Class. Plaintiff and all Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of law as alleged herein.

d.    <u>Adequacy of Representation</u>: Plaintiff are members of the proposed Class and will fairly and adequately represent and protect the interests of the Class Members. Counsel who represent Plaintiff are competent and experienced in litigating large wage and hour and other employment class actions.

9
COMPLAINT

1   e.  <u>Superiority of Class Action</u>:  A class action is superior to other available

2 means for the fair and efficient adjudication of this controversy.  Questions of law and fact

3 common to the proposed Class predominate over any questions affecting only individual Class

4 Members.  Each proposed Class Member has been damaged and is entitled to recovery by reason

5 of Defendants' illegal policies and/or practices of failing to pay full and correct wages, including

6 the minimum wage and overtime premium wages, as required by law.  A class action will allow

7 those similarly situated persons to litigate their claims in the manner that is most efficient and

8 economical for the parties and the judicial system.

9       **FIRST CAUSE OF ACTION**

10  **(Failure to Pay Compensation For All Hours Worked - Labor Code §§ 216 and 1194**

11    **By Plaintiff Individually and on Behalf of All Class Members)**

12   42.  As a separate and distinct cause of action, Plaintiff complains and realleges all of

13 the allegations contained in this complaint, and incorporates them by reference into this cause of

14 action as though fully set forth herein, excepting those allegations which are inconsistent with this

15 cause of action.

16   43.  Plaintiff brings this action to recover unpaid compensation for all hours worked,

17 including for work over eight hours in a day and over forty hours in a workweek.

18   44.  Defendants' conduct described in this Complaint violates, among other things,

19 Labor Code §§ 204, 216, 218, 218.5, 218.6, 510, 1194, and 1198 and the IWC Wage Orders.

20   45.  Defendants failed to pay Plaintiff and the Class Members for all of the actual hours

21 worked, including for work over eight hours in a day and over forty hours in a workweek.  As

22 stated, Defendant had, and continues to have, a security/loss prevention standards policy

23 mandating that Plaintiff and class members undergo security bag and clothing checks before

24 leaving the store premises. Specifically, after clocking out for their meal breaks and/or at the end

25 of their shifts, Plaintiff and class members were required to wait off-the-clock for another

26 employee to become available to perform the security bag check before they could leave. Plaintiff

27 was required to wait "off-the-clock" for another employee to perform the security bag check

28 before he was permitted to leave the store premises. Defendant did not pay at least minimum

<hr>

10

COMPLAINT

**EXHIBIT A TO CHRISTIE DECLARATION, PAGE 12**

1  wages for the time Plaintiff and Class Members spent waiting to undergo security bag checks that

2  would have qualified for overtime pay. Also, to the extent that these off-the-clock hours did not

3  qualify for overtime premium payment, Defendants did not pay even minimum wages for those

4  hours in violation of California Labor Code sections 1194, 1197, and 1197.1.

5         46.    Plaintiff and the Class Members are also entitled to penalties pursuant to Paragraph

6  No. 20 of the applicable IWC Wage Order which provides, in addition to any other civil penalties

7  provided by law, any employer or any other person acting on behalf of the employer who violates,

8  or causes *to be* violated, the provisions of the IWC Wage Order, shall be subject to a civil penalty

9  of $50.00 (for initial violations) or $100.00 (for subsequent violations) for each underpaid

10  employee for each pay period during which the employee was underpaid in addition to the amount

11  which is sufficient to recover unpaid wages.

12         47.    Defendant knew or should have known that its security/loss prevention standards

13  policy caused Plaintiff and class members to incur off-the-clock time after punching out based on

14  the location of Defendant's timekeeping system at the back of stores and requiring security bag

15  checks to take place at the front of their stores. However, Defendant did not compensate Plaintiff

16  and class members for the time they spent off-the-clock to undergo security bag checks. To the

17  extent that the time Plaintiff and class members were subjected to security bag checks pursuant to

18  Defendant's security/loss prevention policy qualified for overtime pay, Defendants failed to pay

19  Plaintiff and class members overtime wages in violation of California Labor Code §§ 510 and

20  1198.

21         48.    As a result of Defendant's unlawful acts, Plaintiff and Class Members have been

22  deprived of compensation in an amount according to proof at the time of trial, and are entitled to

23  recovery of such amounts, plus interest thereon, liquidated damages pursuant to Labor Code §

24  1194.2, and attorneys' fees and costs, pursuant to Labor Code §§ 1194 and 2698, in an amount

25  according to proof at the time of trial. Plaintiff and the Class Members are also entitled to

26  additional penalties and/or liquidated damages pursuant to statute.

27  ////

28  ////

---
11

COMPLAINT

**SECOND CAUSE OF ACTION**

**(Failure to Pay Minimum Wages - Labor Code § 1194**

**By Plaintiff Individually and on Behalf of All Class Members)**

49.     As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this complaint, and incorporate them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

50.     At all relevant times, the IWC Wage Orders contained in Title 8 of the Code of Regulations ("Wage Orders") applied to Plaintiff in Plaintiff's capacity as employees of Defendants. The Wage Orders and California law provided, among other things, that Plaintiff must receive minimum wage earnings for all hours worked.

51.     During the Class Period, Defendants have routinely failed to pay Class Members, including Plaintiff, the minimum wage required by the Employment Laws and Regulations for all hours worked.

52.     The Class Members, including Plaintiff, have been deprived of their rightfully earned minimum wages as a direct and proximate result of Defendants' policies and practices and Defendants' failure and refusal to pay said wages for all hours worked. The Class Members, including Plaintiff, are entitled to recover the past wages owed to them, under the minimum wage laws, plus an additional equal amount as liquidated damages as permitted under the Wage Orders and California law, plus interest thereon and attorneys' fees and costs pursuant to Labor Code §§ 1194 and 2698, in an amount according to proof at the time of trial.

**THIRD CAUSE OF ACTION**

**(Failure to Pay Overtime Compensation - By Plaintiffs Individually and on Behalf of All**

**Class Members: California Labor Code §§ 510 and 1194)**

53.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

**EXHIBIT A TO CHRISTIE DECLARATION, PAGE 14**

54.     During the Class Period, Defendant has routinely required Sales Employees, including Plaintiff, to work over eight hours in a day and over forty hours in a workweek. However, Defendant has failed and refused to pay the Sales Employees, including Plaintiff, the overtime compensation required by the Employment Laws and Regulations.

55.     Defendant knew or should have known that its security/loss prevention standards policy caused Plaintiff and class members to incur off-the-clock time after punching out based on the location of Defendant's timekeeping system at the back of stores and requiring security bag checks to take place at the front of their stores. However, Defendant did not compensate Plaintiff and class members for the time they spent off-the-clock to undergo security bag checks. To the extent that the time Plaintiff and class members were subjected to security bag checks pursuant to Defendant's security/loss prevention policy qualified for overtime pay, Defendant failed to pay Plaintiff and class members overtime wages in violation of California Labor Code §§ 510 and 1198.

56.     The Sales Employees, including Plaintiff, have been deprived of their rightfully earned overtime compensation as a direct and proximate result of Defendant's policies and practices and Defendant's failure and refusal to pay that compensation. The Sales Employees, including Plaintiff, are entitled to recover such amounts, plus interest, attorney's fees and costs.

## FOURTH CAUSE OF ACTION

**(Failure to Provide Meal and Rest Periods - Labor Code §§ 226.7 and 512**

**By Plaintiff Individually and on Behalf of All Class Members)**

57.     As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

58.     During the Class Period, Defendant has failed to provide Sales Employees, including Plaintiff, legally compliant meal and rest periods during their work shifts, and has failed to compensate Sales Employees, including Plaintiff, for those meal and rest periods, as required by Labor Code § 226.7 and the other applicable sections of the Employment Laws and

**EXHIBIT A TO CHRISTIE DECLARATION, PAGE 15**

1   Regulations.

2       59.    Defendant's timekeeping systems are located at the back of their retail stores, while

3   Plaintiff and Class Members were required to undergo security bag checks at the front of their

4   stores after they had already clocked out for a meal break. For example, Plaintiff carried his

5   backpack to work and after clocking out at the back of the store for the end of his shift or a meal

6   break, was required to undergo a security bag check at the front of the store. After clocking out

7   and then walking to the front of the store, Plaintiff had to wait for another employee to become

8   available to perform the security bag check before he was permitted to leave. Thus, after clocking

9   out for a supposed meal break or stepping away for a purported rest break, Plaintiff remained

10  under the custody and control of Defendant, and therefore such breaks - whether meal breaks or

11  rest breaks - are interrupted, impeded, shortened and overall illusory in nature.

12      60.    The Sales Employees, including Plaintiff, have been deprived of their rightfully

13  earned compensation for meal and rest periods as a direct and proximate result of Defendants'

14  policies and practices and Defendants' failure and refusal to pay that compensation. The Sales

15  Employees, including Plaintiff, are entitled to recover such amounts pursuant to Labor Code §

16  226.7(b), plus interest.

17      **FIFTH CAUSE OF ACTION**

18      **(Failure to Furnish Accurate Wage and Hour Statements - Labor Code § 226**

19      **By Plaintiff Individually and on Behalf of All Class Members)**

20      61.    As a separate and distinct cause of action, Plaintiff complains and realleges all of

21  the allegations contained in this complaint, and incorporate them by reference into this cause of

22  action as though fully set forth herein, excepting those allegations which are inconsistent with this

23  cause of action.

24      62.    During the Class Period, Defendant has routinely failed to provide Class Members,

25  including Plaintiff, with timely and accurate wage and hour statements showing gross hours

26  earned, total hours worked, all deductions made, net wages earned, and all applicable hourly rates

27  in effect during each pay period and the corresponding number of hours worked at each hourly

28  rate.

**EXHIBIT A TO CHRISTIE DECLARATION, PAGE 16**

1　　　63.　　As a consequence of Defendant's actions, Class Members are entitled to all

2　available statutory penalties, costs and reasonable attorneys' fees, including those provided in

3　Labor Code § 226(e), as well as all other available remedies.

## SIXTH CAUSE OF ACTION

### (For Waiting Time Penalties - Labor Code §§ 201-203

### By Plaintiff Individually and on Behalf of All Class Members)

7　　　64.　　As a separate and distinct cause of action, Plaintiff complains and realleges all of

8　the allegations contained in this complaint, and incorporates them by reference into this cause of

9　action as though fully set forth herein, excepting those allegations which are inconsistent with this

10　cause of action.

11　　　65.　　During the Class Period, Defendant failed to pay accrued wages and other

12　compensation due immediately to each Class Member who was terminated, and failed to pay

13　accrued wages and other compensation due within seventy-two hours to each Class Member ,

14　including Plaintiff, who ended his employment.

15　　　66.　　Labor Code § 201 requires an employer who discharges an employee to pay

16　compensation due and owing to said employee immediately upon discharge.  Labor Code § 203

17　provides that if an employer willfully fails to pay compensation promptly upon discharge, as

18　required by § 201, the employer is liable for waiting time penalties in the form of continued

19　compensation for up to 30 work days.

20　　　67.　　Defendant, and each of them, willfully failed and refused, and continue to willfully

21　fail and refuse, to timely pay compensation due to Class Member upon termination or resignation,

22　as required by Labor Code § 201.  As a result, Defendant, and each of them, are liable to Plaintiff

23　and all Class Members similarly situated for waiting time penalties, together with interest thereon,

24　pursuant to Labor Code § 203, as well as all other available remedies, in an amount according to

25　proof at the time of trial.

26　////

27　////

28　////

**EXHIBIT A TO CHRISTIE DECLARATION, PAGE 17**

**SEVENTH CAUSE OF ACTION**

**(For Unfair Competition - Business & Professions Code § 17200, *et seq.***

**By Plaintiff Individually and on Behalf of All Class Members)**

68.    As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

69.    As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Class Member s, including Plaintiff, and members of the public.  Defendants should be made to disgorge their ill-gotten gains and to restore them to Class Member s, including Plaintiff.

70.    Defendants' unfair business practices violate the Unfair Competition Laws and entitle Plaintiff to seek preliminary and permanent injunctive relief including, but not limited to, orders that Defendants account for, disgorge and restore to the Class Member s, including Plaintiff, the wages and other compensation unlawfully withheld from them.

71.    In addition to the actual damages caused by the unlawful conversion, the Class Members, including Plaintiff, are entitled to recover exemplary damages for the sake of example and by way of punishing Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for judgment against Defendants as follows:

1.    For an Order certifying the First through Seventh Causes of Action as a class action;

2.    For an Order appointing Plaintiff's counsel as Class counsel;

3.    For compensatory damages in an amount to be ascertained at trial;

4.    For restitution in an amount to be ascertained at trial;

5.    For punitive and exemplary damages in an amount to be ascertained at trial;

6.    For all penalties allowed by law;

16

COMPLAINT

7. For prejudgment interest;

8. For reasonable attorneys' fees pursuant to Labor Code §§ 1194;

9. For costs of suit incurred herein;

10. For disgorgement of profits garnered as a result of Defendants' unlawful failure to pay wages, including overtime wages, earned; and

11. For such further relief as the Court may deem appropriate.

DATED:    August 31, 2018      BOYAMIAN LAW, INC.
                                LAW OFFICES OF THOMAS W. FALVEY

By: _____ for
          MICHAEL H. BOYAMIAN
          Attorneys for Plaintiff John Ornelas,
          individually and on behalf of all others similarly
          situated

## DEMAND FOR JURY TRIAL

Plaintiff John Ornelas, individually and on behalf of all similarly situated individuals, demand jury trial of this matter.

DATED:    August 31, 2018      BOYAMIAN LAW, INC.
                                  LAW OFFICES OF THOMAS W. FALVEY

By: _____ for
          MICHAEL H. BOYAMIAN
          Attorneys for Plaintiff John Ornelas,
          individually and on behalf of all others similarly
          situated

17
COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Michael H. Boyamian, SBN 256107; Armand R. Kizirian, SBN 293992<br>BOYAMIAN LAW, INC.<br>550 N. Brand Blvd., Suite 1500<br>Glendale, California 91203<br>TELEPHONE NO.: (818) 547-5300    FAX NO.: (818) 547-5678<br>ATTORNEY FOR (Name): Plaintiff John Ornelas | **FILED BY FAX**<br>ALAMEDA COUNTY<br><br>September 04, 2018<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Burt Moskaira, Deputy<br><br>CASE NUMBER:<br>**RG18920047** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Ornelas v. Tapestry, Inc.

| CIVIL CASE COVER SHEET<br>[✓] Unlimited  [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br><br>JUDGE:<br><br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [✓] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive

4. Number of causes of action (specify): 7

5. This case [✓] is  [ ] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 8/31/2018

Armand R. Kizirian
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]    CIVIL CASE COVER SHEET    Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**EXHIBIT A TO CHRISTIE DECLARATION, PAGE 20**

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>— Michael H. Boyamian, SBN 256107; Armand R. Kizirian, SBN 293992<br>BOYAMIAN LAW, INC.<br>550 N. Brand Blvd., Suite 1500<br>Glendale, California 91203<br>TELEPHONE NO.: (818) 547-5300    FAX NO. (Optional): (818) 547-5678<br>E-MAIL ADDRESS (Optional): michael@boyamianlaw.com, armand@boyamianlaw.com<br>ATTORNEY FOR (Name): Plaintiff John Ornelas | FOR COURT USE ONLY |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ALAMEDA<br>STREET ADDRESS: 1221 Oak Street<br>MAILING ADDRESS: -<br>CITY AND ZIP CODE: Oakland, CA 94612<br>BRANCH NAME: Administration Building | |
| PLAINTIFF/PETITIONER: JOHN ORNELAS<br><br>DEFENDANT/RESPONDENT: TAPESTRY, INC. | CASE NUMBER:<br>RG18920047 |
| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ summons

   b. ☑ complaint

   c. ☐ Alternative Dispute Resolution (ADR) package

   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*

   e. ☐ cross-complaint

   f. ☐ other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*

      Defendant Tapestry, Inc.

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

      Victor Luis - Chief Executive Officer of Tapestry, Inc.

4. Address where the party was served:
   10 Hudson Yards, New York, New York 10001

5. I served the party *(check proper box)*

   a. ☐    **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):*                    (2) at *(time):*

   b. ☐    **by substituted service.** On *(date):*              at *(time):*            I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐   **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐   **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐   **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him or her of the general nature of the papers.

      (4) ☐   I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          or ☐ a declaration of mailing is attached.

      (5) ☐   I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

**EXHIBIT A TO CHRISTIE DECLARATION, PAGE 21**

| PLAINTIFF/PETITIONER: JOHN ORNELAS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: TAPESTRY, INC. | RG18920047 |

5.  c.  [ ]  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

  (1)  on *(date):*                                    (2)  from *(city):*

  (3)  [ ]  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

  (4)  [ ]  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d.  [✔]  **by other means** *(specify means of service and authorizing code section):*

  Pursuant to CCP §§ 415.40 and 416.10(b) on the out-of-state CEO of Defendant via certified mail, return receipt requested where no California agent for service of process designated.

  [ ]  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  [ ]  as an individual defendant.
  b.  [ ]  as the person sued under the fictitious name of *(specify):*
  c.  [ ]  as occupant.
  d.  [✔]  On behalf of *(specify):*  Tapestry, Inc.
    under the following Code of Civil Procedure section:

  [✔]  416.10 (corporation)                              [ ]  415.95 (business organization, form unknown)
  [ ]  416.20 (defunct corporation)                      [ ]  416.60 (minor)
  [ ]  416.30 (joint stock company/association)          [ ]  416.70 (ward or conservatee)
  [ ]  416.40 (association or partnership)               [ ]  416.90 (authorized person)
  [ ]  416.50 (public entity)                            [ ]  415.46 (occupant)
                                                         [ ]  other:

7.  **Person who served papers**
  a.  Name: Brett Emanuel
  b.  Address: 550 N. Brand Blvd., Suite 1500, Glendale, CA 91203
  c.  Telephone number: (818) 547-5300
  d.  **The fee** for service was: $ -
  e.  I am:

    (1)  [ ]  not a registered California process server.
    (2)  [✔]  exempt from registration under Business and Professions Code section 22350(b).
    (3)  [ ]  a registered California process server:
      (i)  [ ]  owner  [ ]  employee  [ ]  independent contractor.
      (ii)  Registration No.:
      (iii)  County:

8.  [✔]  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  [ ]  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 10/18/2018

Brett Emanuel
_____                    ▶  _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR  MARSHAL)                      (SIGNATURE )

**EXHIBIT A TO CHRISTIE DECLARATION, PAGE 22**