# EXHIBIT C

⌐ Law Offices of Thomas W. Falvey ⌐           ⌐ Tapestry, Inc., a Maryland corporation ⌐
  Attn: Boyamain, Michael H.
  550 N. Brand Boulevard
  Suite 1500
└ Glendale, CA   91203            ┘          └                                          ┘

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| Ornelas                                  |                          |
|                              Plaintiff/Petitioner(s) | No. RG18920047       |
| VS.                                      |                          |
| Tapestry, Inc., a Maryland corporation   | NOTICE OF HEARING        |
|                            Defendant/Respondent(s)   |                          |
|                      (Abbreviated Title)  |                          |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

        Complex Determination Hearing
        Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 10/30/2018   TIME: 03:00 PM   DEPARTMENT: 23
LOCATION: Administration Building, Fourth Floor
        1221 Oak Street, Oakland

Case Management Conference:
DATE: 12/11/2018   TIME: 03:00 PM   DEPARTMENT: 23
LOCATION: Administration Building, Fourth Floor
        1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6939. Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions. Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to **Direct Calendar Departments** at

EXHIBIT C TO CHRISTIE DECLARATION, PAGE 26

http://apps.alameda.courts.ca.gov/domainweb.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept.23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 09/12/2018                Chad Finke  Executive Officer / Clerk of the Superior Court

                                 By _____
                                                                Deputy Clerk

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 09/13/2018.

                                 By _____
                                                                Deputy Clerk

EXHIBIT C TO CHRISTIE DECLARATION, PAGE 27

```
 1  AKIN GUMP STRAUSS HAUER & FELD LLP
    GREGORY W. KNOPP (SBN 237615)
 2  JONATHAN S. CHRISTIE (SBN 294446)
    VICTOR A. SALCEDO (SBN 317910)
 3  gknopp@akingump.com
    christiej@akingump.com
 4  vsalcedo@akingump.com
    1999 Avenue of the Stars, Suite 600
 5  Los Angeles, CA 90067-6022
    Telephone: 310.229.1000
 6  Facsimile:  310.229.1001

 7  Attorneys for Defendant,
    Tapestry, Inc.
 8
```

```
                    ENDORSED
                     FILED
                ALAMEDA COUNTY

                   OCT 2 2 2018

           CLERK OF THE SUPERIOR COURT
           By ____CURTIYAH GANTER____
                                  Deputy
```

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

RENE C. DAVIDSON ALAMEDA COURTHOUSE

| | |
|---|---|
| JOHN ORNELAS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TAPESTRY, INC., a Maryland Corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. RG18920047<br><br>[Assigned To The Honorable Judge Brad Seligman, Dept. 23 For All Purposes]<br><br>**DEFENDANT TAPESTRY INC.'S ANSWER TO COMPLAINT**<br><br>Date Action Filed:   September 4, 2018 |

DEFENDANT TAPESTRY INC.'S ANSWER TO COMPLAINT

EXHIBIT C TO CHRISTIE DECLARATION, PAGE 28

1  Defendant Tapestry, Inc. ("Defendant") hereby answers the Complaint filed by Plaintiff John
2  Ornelas ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant generally and specifically denies each and every allegation of the Complaint. Further, without waiving or excusing the burden of Plaintiff, or admitting that Defendant has any burden of proof, Defendant hereby asserts the following defenses:

## FIRST DEFENSE

(Failure to State a Cause of Action)

The Complaint, and each purported cause of action contained therein, is barred to the extent it fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND DEFENSE

(Statute of Limitations)

The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiff seeks relief for conduct occurring outside the applicable statute of limitations.

## THIRD DEFENSE

(Estoppel)

The Complaint, and each purported cause of action contained therein, is barred to the extent the alleged actions of Defendant or its agents were a result of conduct by Plaintiff for which she cannot equitably seek recovery against Defendant.

## FOURTH DEFENSE

(Good Faith)

Plaintiff is barred from relief because Defendant and its agents acted in good faith at all times and had reasonable grounds to believe that no violation of any applicable law, statute, and/or regulation occurred.

**FIFTH DEFENSE**

(Class Action Civil Penalties Unconstitutional)

The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiff's claim for civil penalties on behalf of a class is unconstitutional in violation of the United States and California Constitutions.

**SIXTH DEFENSE**

(Good Faith Dispute/No Willfulness)

For his fifth and sixth causes of action, Plaintiff seeks penalties for willful, intentional, or knowing violations of the Labor Code. These claims are barred if a "good faith dispute" exists concerning whether Defendant violated the Labor Code. A good faith dispute exists here because Defendant has reasonable defenses that it did not violate the Labor Code provisions regarding paying wages, providing breaks, and providing wage statements.

**SEVENTH DEFENSE**

(No Willfulness)

The Complaint, and each purported cause of action contained therein, is barred because the alleged conduct of Defendant and its agents was not willful.

**EIGHTH DEFENSE**

(No Knowing or Intentional Conduct)

The Complaint, and each purported cause of action contained therein, is barred to the extent the alleged wage statement violations of Defendant were not knowing or intentional.

**NINTH DEFENSE**

(Alleged Work Not Compensable)

The Complaint, and each purported cause of action contained therein, is barred to the extent the alleged "work" Plaintiff and putative class members performed for Defendant was not compensable.

**TENTH DEFENSE**

(No Knowledge)

The Complaint, and each purported cause of action contained therein, is barred because Defendant had no knowledge of any uncompensated "work" performed by Plaintiff or putative class members.

**ELEVENTH DEFENSE**

(*De Minimis* Doctrine)

The Complaint, and each purported cause of action contained therein, is barred to the extent the *de minimis* doctrine applies to Plaintiff's claims.

**TWELFTH DEFENSE**

(Waiver of Meal and/or Rest Breaks)

The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiff waived his right to take meal and/or rest breaks pursuant to the Labor Code and/or the applicable wage order.

**THIRTEENTH DEFENSE**

(Meal and Rest Breaks Provided)

The Complaint, and each purported cause of action contained therein, is barred because Defendant provided meal and rest breaks, as required by law.

**FOURTEENTH DEFENSE**

(No Injury)

The Complaint, and each purported cause of action contained therein, is barred to the extent it seeks damages or penalties for allegedly inaccurate wage statements, because Plaintiff suffered no injury from the alleged failure to provide properly itemized wage statements.

**FIFTEENTH DEFENSE**

(Compliance with Statute)

Plaintiff is barred from relief because Defendant at all times complied and/or substantially complied with all applicable statutes, regulations, and laws.

**SIXTEENTH DEFENSE**

(Paid All Sums)

Defendant is informed and believes, and on that basis alleges, that the Complaint, and each purported claim therein, is barred because Defendant has paid Plaintiff and the members of the putative class he purports to represent all sums due them.

**SEVENTEENTH DEFENSE**

(Waiver)

The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiff by his actions has waived his right to recovery.

**EIGHTEENTH DEFENSE**

(Accord and Satisfaction)

Plaintiff and any purported class member he seeks to represent are barred from relief to the extent they have previously waived or released their claims against Defendant, including in the settlement agreement reached in *Miranda v. Coach, Inc.*, U.S. District Court for the Northern District of California, Case No. 3:14-CV-02031-JD.

**NINETEENTH DEFENSE**

(Unclean Hands)

The Complaint, and each purported cause of action contained therein, is barred in whole or in part by the doctrine of unclean hands.

**TWENTIETH DEFENSE**

(Standing)

Defendant is informed and believes, and on that basis alleges, that Plaintiff lacks the requisite standing to assert each purported cause of action in the Complaint.

**TWENTY-FIRST DEFENSE**

(Class Certification Requirements Not Met)

Defendant is informed and believes, and on that basis alleges, that this action does not meet the requirements for class action treatment.

## TWENTY-SECOND DEFENSE

(Impermissible Representative Action)

Plaintiff is barred from obtaining relief against Defendant because California Business and Professions Code Section 17200, *et seq.* does not permit representative actions where liability can be determined only through fact-intensive individualized assessments of alleged wage and hour violations.

## TWENTY-THIRD DEFENSE

(No Waiting Time Penalties)

Plaintiff seeks waiting time penalties for an alleged failure to pay final wages, including meal and rest break premiums. However, waiting time penalties are not available for meal and rest break violations as a matter of law. Thus, his claim for waiting time penalties based on break violations is barred.

## TWENTY-FOURTH DEFENSE

(No Employment Relationship)

The Complaint, and each purported cause of action contained therein, is barred to the extent that Plaintiff purports to represent individuals who were not employed by Tapestry.

///

///

///

## RESERVATION OF RIGHTS

Defendant reserves the right to add additional defenses as they become known during the course of this litigation.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by the Complaint;
2. That the Complaint be dismissed with prejudice;
3. For judgment in favor of Defendant;
4. For attorneys' fees and costs of suit herein; and
5. For such other and further relief as the Court may deem proper and just.

Dated: October 19, 2018

AKIN GUMP STRAUSS HAUER & FELD LLP
GREGORY W. KNOPP
JONATHAN S. CHRISTIE
VICTOR A. SALCEDO

By _____
Gregory W. Knopp
Attorneys for Defendant Tapestry, Inc.

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 1999 Avenue of the Stars, Suite 600, Los Angeles, CA 90067. On October 19, 2018, I served the foregoing document(s) described as: **DEFENDANT TAPESTRY INC.'S ANSWER TO COMPLAINT** on the interested parties below, using the following means:

**BOYAMIAN LAW, INC.**
Michael E. Boyamian
Armand R. Kizirian
550 North Brand Blvd., Suite 1500
Glendale, CA 91203
Telephone: 818.547.5300
Facsimile: 818.547.4678
michael@boyamianlaw.com
armand@boyamianlaw.com

**LAW OFFICES OF THOMAS FALVEY**
Thomas W. Falvey
550 North Brand Blvd., Suite 1500
Glendale, CA 91203
Telephone: 818.547.5200
Facsimile: 818.500.9307
thomasfalvey@gmail.com

☒ BY UNITED STATES MAIL  I enclosed the documents in a sealed envelope or package addressed to the respective address of the parties stated above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

☒ (STATE)  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 19, 2018, at Los Angeles, California.

_Verbon Davenport_                              _/s/ Verbon Davenport_
[Print Name of Person Executing Proof]          [Signature]

PROOF OF SERVICE

EXHIBIT C TO CHRISTIE DECLARATION, PAGE 35