1
2
3
4

**BOYAMIAN LAW, INC.**
MICHAEL H. BOYAMIAN, SBN 256107
ARMAND R. KIZIRIAN, SBN 293992
550 North Brand Boulevard, Suite 1500
Glendale, California  91203
T: (818) 547-5300 | F: (818) 547-5678
E-mail(s): michael@boyamianlaw.com, armand@boyamianlaw.com

5
6
7

**LAW OFFICES OF THOMAS W. FALVEY**
THOMAS W. FALVEY, SBN 65744
550 North Brand Boulevard, Suite 1500
Glendale, California  91203
T: (818) 547-5200 | F: (818) 500-9307
E-mail: thomaswfalvey@gmail.com

8
9

Attorneys for Plaintiff JOHN ORNELAS,
individually and on behalf of all others similarly situated

10

### UNITED STATES DISTRICT COURT

11

### NORTHERN DISTRICT OF CALIFORNIA

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOHN ORNELAS, individually and on
behalf of all others similarly situated,

                    Plaintiff,

      vs.

TAPESTRY, INC., a Maryland corporation;
and DOES 1 through 25, inclusive,

                  Defendants.

CASE NO.: 3:18-cv-06453-WHA

[CLASS ACTION]

**FIRST AMENDED COMPLAINT FOR:**

1.     UNPAID WAGES (LABOR CODE §§ 216 and 1194);
2.     FAILURE TO PAY MINIMUM WAGE (LABOR CODE §1194 *et seq.*);
3.     FAILURE TO PAY OVERTIME COMPENSATION (LABOR CODE §510)
4.     FAILURE TO PROVIDE MEAL & REST PERIODS (LABOR CODE § 226.7 and 512)
5.     FAILURE TO FURNISH ACCURATE WAGE AND HOUR STATEMENTS (LABOR CODE § 226);
6.     WAITING TIME PENALTIES (LABOR CODE §§ 201-203);
7.     UNFAIR COMPETITION (BUSINESS AND PROFESSIONS CODE § 17200, *et seq.*); and
8.     PRIVATE ATTORNEYS GENERAL ACT (LABOR CODE §§ 2698, *et seq.*)**.**

**JURY TRIAL DEMANDED**

Plaintiff JOHN ORNELAS ("Plaintiff"), individually and on behalf of all similarly situated individuals, alleges as follows:

## GENERAL ALLEGATIONS

1. This is a proposed class action brought against Defendants TAPESTRY, INC., and DOES 1 through 25, inclusive (collectively, "Defendants", "Tapestry" or "Company"), on behalf of Plaintiff and all other individuals who were or are employed as non-exempt, hourly employees at Defendant's Stuart Weitzman, Kate Spade, and Coach retail stores and locations in California (collectively, "Sales Employees" or "Class Members"), at any time during the four years preceding the filing of this action, and continuing while this action is pending ("Class Period"), and who were denied the benefits and protections required under the Labor Code and other statutes and regulations applicable to employees in the State of California.

2. During the Class Period, Defendant:

    a. failed to pay wages for all hours worked, including for hours worked in excess of eight hours a day or forty hours a week, by the Sales Employees;

    b. failed to pay minimum wages due to the Sales Employees;

    c. failed to provide the Sales Employees with timely and accurate wage and hour statements;

    d. failed to pay the Sales Employees compensation in a timely manner upon their termination or resignation;

    e. failed to maintain complete and accurate payroll records for the Sales Employees;

    f. wrongfully withheld wages and compensation due to the Sales Employees; and

    g. committed unfair business practices in an effort to increase profits and to gain an unfair business advantage at the expense of the Sales Employees and the public;

///

1    3.    The foregoing acts and other acts by Defendant - committed throughout California

2    - violated numerous provisions of California law, including Labor Code §§ 201, 202, 203, 204,

3    210, 216, 223, 225.5, 226, 226.3, 226.7, 510, 512, 558, 1174, 1174.5, 1194, 1194.2, 1197,

4    1197.1, 1198, 1199, 2802, and 2698 *et seq.* and the applicable Wage Orders issued by the

5    Industrial Welfare Commission,  (collectively, "Employment Laws and Regulations"), Business

6    & Professions Code §§ 17200 *et seq.*, and violated Plaintiff's rights and the rights of the Sales

7    Employees.

8                            **JURISDICTION AND VENUE**

9    4.    This class action is brought pursuant to California Code of Civil Procedure

10   section 382. The monetary damages and restitution sought by Plaintiff exceed the minimal

11   jurisdiction limits of the Superior Court and will be established according to proof at trial.

12   5.    This Court has jurisdiction over this action pursuant to the California

13   Constitution, Article VI, section 10. The statutes under which this action is brought do not

14   specify any other basis for jurisdiction.

15   6.    Venue is proper in this judicial district, pursuant to California Code of Civil

16   Procedure section 395(a) and 395.5 in that liability arose in the County of Alameda because at

17   least some of the transactions that are the subject matter of this First Amended Complaint

18   ("Complaint") occurred therein and/or each defendant is found, maintains offices, transacts

19   business and/or has an agent therein.

20   7.    Plaintiff is informed and believes and on that basis alleges that Defendant

21   TAPESTRY, INC. is not registered as a foreign corporation with California Secretary of State

22   and has not designated any county in California as its principal place of business.  As such, venue

23   is proper in any county in California.

24   8.    Moreover, Defendant TAPESTRY, INC. removed this action to the Northern

25   District of California pursuant to 28 U.S.C. sections 1332(D), 1441, 1446, and 1453 on October

26   22, 2018.

27   ///

28   ///

**THE PARTIES**

9.      Plaintiff John Ornelas was employed by Defendant as a non-exempt, hourly Sales employee within the last year, and worked out of Defendants' Stuart Weitzman retail store located at the Topanga mall in Canoga Park, California.  Plaintiff also periodically worked at Defendant's Stuart Weitzman store locations in Beverly Hills, California.

10.      Defendant TAPESTRY, INC. are, and at all relevant times, was a corporation incorporated under the laws of Maryland, and having a principal place of business in New York. Upon information and belief, the Company owns and operates a chain of retail stores and locations in California under the names "Stuart Weitzman", "Kate Spade", and "Coach", and sell clothing, accessories, and/or furniture.

11.      Plaintiff is currently unaware of the true names and capacities of the defendants sued in this action by the fictitious names DOES 1 through 25, inclusive, and therefore sue those defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained.  Plaintiff is informed and believe and based thereon state that the persons sued herein as DOES are in some manner responsible for the conduct, injuries and damages herein alleged.

12.      Plaintiff is informed and believe and based thereon allege that each defendant sued in this action, including each defendant sued by the fictitious names DOES 1 through 25, inclusive, is responsible in some manner for the occurrences, controversies and damages alleged below.

13.      Plaintiff is informed and believe and based thereon allege that DOES 1 through 25, inclusive, were the agents, servants and/or employees of Defendants and, in doing the things hereinafter alleged and at all times, were acting within the scope of their authority as such agents, servants and employees, and with the permission and consent of Defendants.

14.      Plaintiff is informed and believes and based thereon alleges that Defendants ratified, authorized, and consented to each and all of the acts and conduct of each other as alleged herein.  Each of the defendants was the agent and/or employee of the others, and the conduct of each defendant herein alleged was authorized and/or ratified by the others.  The conduct of the

FIRST AMENDED COMPLAINT
Case No. 3:18-cv-06453-WHA

Company was carried on by and through its authorized agents, including owners, officers, directors, managers and supervisors.

### FACTS

15.     Defendants employed Plaintiff John Ornelas as a non-exempt, hourly-paid employee from approximately April 2016 to June 2018 at Defendant's Stuart Weitzman retail locations in Canoga Park and Beverly Hills, California. During his employment, Plaintiff worked full-time as a Sales Associate in Defendant's retail stores. Plaintiff typically worked eight (8) or more hours per day and five (5) days per week.

16.     During Plaintiff's employment with Defendants, the Company implemented a security/loss prevention measure that requires all Sales Employees to have their bags, jackets, and other personal items checked by a Tapestry employee prior to leaving the retail store for all shifts and breaks.  Defendant routinely fails to give Sales Employees, including Plaintiff, their legally required duty-free rest and meal periods and full pay by requiring them to remain in the store for a substantial period of time off the clock to engage in Tapestry's theft prevention program.

17.     Sales Employees, including Plaintiff, would clock out in their respective stores, and would wait to have another Tapestry employee to inspect their bags, clothing, and other items.  This was all done off-the-clock and in violation of the Employment Laws and Regulations.  Tapestry theft prevention program is a pervasive and continuous policy, practice, and/or procedures which deprives Class Members of their full wages.  Accordingly, Defendants failed to pay Plaintiff and Sales Employees for all hours worked.

18.     Sales  Employees, including Plaintiff, are and were not compensated for the time spent waiting to be released from Defendant's retail stores and locations.  When Class Members, including Plaintiff, wait for and undergo the bag and security inspection, they are under the control of their employer and must be compensated for that time.  *See Morillion v. Royal Packing Co.*, 22 Cal.4th 575 (2000); *See also Troester v. Starbucks Corp*., 421 P.3d 1114 (2018).

///

///

19.   Similarly, as a result of Defendant's required bag and security inspections, Sales Employees, like Plaintiff, are also regularly denied by Defendants mandated meal and rest breaks in accordance with *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004 (2012).

20.   Accordingly, Defendants failed to pay Plaintiff and Sales Employees for all hours worked.

21.   During Plaintiff's employment with Defendants, Defendants failed and refused to provide Plaintiff with timely and accurate wage and hour statements in violation of the Employment Laws and Regulations.

22.   During Plaintiff's employment with Defendants, Defendants wrongfully withheld from Plaintiff and failed to pay wages and other compensation due for all hours worked, and as otherwise required per Employment Laws and Regulations.

23.   To the extent that any Sales Employee, including Plaintiff, entered into any arbitration agreement with any Defendant, such agreement is void and unenforceable.  Any such agreement was one of adhesion, executed under duress, lacked consideration and mutuality, and is otherwise void under both Labor Code § 229 and the California Supreme Court case of *Armendariz v. Foundation Health Psychare Services, Inc.*, 24 Cal.4th 83 (2000).

## CLASS ACTION ALLEGATIONS

24.   All current and former Sales Employees who were employed by Defendant in California during the Class Period, including Plaintiff, are proposed class members (henceforth, "Class Members").

25.   The Sales Employees' duties and activities during their respective working hours and each shift are known to and directed by Defendants, and are set and controlled by Defendants.

26.   During the Class Period, Defendants have routinely failed to provide Sales Employees with legally compliant and mandated meal and rest breaks.

27.   During the Class Period, the Company refused to compensate Sales Employees for all wages earned ("off-the-clock" work) and for all hours worked including time during which Sales Employees were subject to Defendants' control and were suffered or permitted to work for

the Company.  The Company failed and refused to pay Sales Employees for all hours worked, including but not limited to time worked after the official end times of their shifts.

28.     During the Class Period, Defendants have failed and refused to provide Sales Employees with timely and accurate wage and hour statements.

29.     During the Class Period, Defendants have failed and refused to pay accrued wages and other compensation earned and due immediately to Sales Employees who were terminated, and Defendants have failed and refused to pay accrued wages and other compensation earned and due within seventy-two hours to Sales Employees who ended their employment.

30.     During the Class Period, Defendant has failed and refused to maintain complete and accurate payroll records for Sales Employees showing gross hours earned, total hours worked, all deductions made, net wages earned, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate.

31.     During the Class Period, Defendant has wrongfully withheld and failed to pay Sales Employees wages and other compensation earned and due them for all hours worked and as otherwise required pursuant to the Employment Laws and Regulations.

32.     Defendant's conduct violated the Employment Laws and Regulations.  Defendant's systematic acts and practices also violated, *inter alia*, Business & Professions Code §§ 17200, *et seq*.

33.     Plaintiff also seeks of all other compensation and all benefits required pursuant to the Employment Laws and Regulations, plus penalties and interest, owed to Sales   Employees.

34.     The duties and business activities of the Class Members were essentially the same as the duties and activities of the Plaintiff described above.  At all times during the Class Period, all of the Class Members were employed in the same or similar job as Plaintiff (as a non-exempt, hourly Sales  employee) and were paid in the same manner and under the same standard employment procedures and practices as Plaintiff.

35.     During the Class Period, Defendant was fully aware that Plaintiff and the Class Members were performing "off-the-clock" unpaid work and not being paid for all hours worked in violation of the provisions of the Labor Code.

7

FIRST AMENDED COMPLAINT
Case No. 3:18-cv-06453-WHA

1    36.    Defendant's violations of the Employment Laws and Regulations were repeated,

2    willful and intentional.

3    37.    Plaintiff and the Class Members have been damaged by Defendant's conduct.

4    38.    While the exact number of Class Members is unknown to Plaintiff at the present

5    time, based on information and belief, there are more than 50 such persons.  A class action is the

6    most efficient mechanism for resolution of the claims of the Class Members.

7    39.    In addition, a class action is superior to other available methods for the fair and

8    efficient adjudication of this controversy because the damages suffered by individual Class

9    Members may be relatively small, and the expense and burden of individual litigation would make

10   it impossible for such Class Members individually to redress the wrongs done to them.  Moreover,

11   because of the similarity of the Class Members' claims, individual actions would present the risk

12   of inconsistent adjudications subjecting the Defendants to incompatible standards of conduct.

13   40.    Plaintiff is currently unaware of the identities of all the Class Members.

14   Accordingly, Defendants should be required to provide to Plaintiff a list of all persons employed

15   as Sales Employees (and similarly situated individuals who held titles involving the sale and

16   service of products in Stuart Weitzman, Kate Spade, and Coach retail locations) in California

17   beginning four years prior to the filing of this Complaint until the present, stating their last known

18   addresses and telephone numbers, so that Plaintiff may give such Class Members notice of the

19   pendency of this action and an opportunity to make an informed decision about whether to

20   participate in it.

21   41.    The proposed Class that Plaintiff seeks to represent is defined as follows:

22   All Sales Employees who are or have been employed by Defendant in the State of
     California at any time and at any Kate Spade, Coach, and/or Stuart Weitzman retail store
23   or location during the four years prior to the commencement of this suit and continuing
     while this Action is pending.

24   42.    There is a well-defined community of interest in the litigation and the proposed

25   Class is easily ascertainable:

26   a.    Numerosity:  While the precise number of Class Members has not been

27   determined at this time, Plaintiff is informed and believes that Defendants have employed in

28

8

FIRST AMENDED COMPLAINT

Case No. 3:18-cv-06453-WHA

1    excess of 100 persons as Sales Employees in California during the proposed Class Period.

2           b.    <u>Commonality</u>:  There are questions of law and fact common to Plaintiff and

3    the Class that predominate over any questions affecting only individual Class Members.  These

4    common questions of law and fact include, without limitation:

5                       i.    Whether Defendants failed to compensate Plaintiff and the Class

6                             Members for all hours worked;

7                       ii.   Whether Defendants did not have any formal policies or procedures

8                             in place applicable to Plaintiff and Class Members relating to meal

9                             periods;

10                      iii.  Whether Defendants' theft prevention program failed to pay

11                            Plaintiff and the Class Members for all hours worked including

12                            overtime premium pay by requiring Class Members to engage in

13                            post shift activities without wages.

14                      iv.   Whether Defendants uncompensated theft prevention program

15                            interrupted, impeded, or shortened the time for Class Members to

16                            take meal and rest breaks that did not comply with the requirements

17                            of *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004 (2012);

18                      iv.   Whether Defendants failed to pay Plaintiff and the Class Members

19                            the required minimum wage for every hour where work was

20                            performed;

21                      v.    Whether Defendants failed to provide Plaintiff and the Class

22                            Members with accurate itemized statements;

23                      vi.   Whether Defendants failed to provide meal breaks for

24                            Plaintiff and the Class Members;

25                      vii.  Whether Defendants owe Plaintiff and the Class Members waiting

26                            time penalties pursuant to Labor Code §203;

27                      viii. Whether Defendants engaged in unfair business practices under

28                            Business and Professions Code §17200;

FIRST AMENDED COMPLAINT

Case No. 3:18-cv-06453-WHA

1            ix.     The effect upon and the extent of damages suffered by Plaintiff and

2                  the Class Members and the appropriate amount of compensation.

3        c.     <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the proposed

4 Class.  Plaintiff and all Class Members sustained injuries and damages arising out of and caused

5 by Defendants' common course of conduct in violation of law as alleged herein.

6        d.     <u>Adequacy of Representation</u>:  Plaintiff are members of the proposed Class

7 and will fairly and adequately represent and protect the interests of the Class Members.  Counsel

8 who represent Plaintiff are competent and experienced in litigating large wage and hour and other

9 employment class actions.

10        e.     <u>Superiority of Class Action</u>:  A class action is superior to other available

11 means for the fair and efficient adjudication of this controversy.  Questions of law and fact

12 common to the proposed Class predominate over any questions affecting only individual Class

13 Members.  Each proposed Class Member has been damaged and is entitled to recovery by reason

14 of Defendants' illegal policies and/or practices of failing to pay full and correct wages, including

15 the minimum wage and overtime premium wages, as required by law.  A class action will allow

16 those similarly situated persons to litigate their claims in the manner that is most efficient and

17 economical for the parties and the judicial system.

18 **<u>FIRST CAUSE OF ACTION</u>**

19 **(Failure to Pay Compensation For All Hours Worked - Labor Code §§ 216 and 1194**

20 **By Plaintiff Individually and on Behalf of All Class Members)**

21       43.     As a separate and distinct cause of action, Plaintiff complains and realleges all of

22 the allegations contained in this complaint, and incorporates them by reference into this cause of

23 action as though fully set forth herein, excepting those allegations which are inconsistent with this

24 cause of action.

25       44.     Plaintiff brings this action to recover unpaid compensation for all hours worked,

26 including for work over eight hours in a day and over forty hours in a workweek.

27       45.     Defendants' conduct described in this Complaint violates, among other things,

28 Labor Code §§ 204, 216, 218, 218.5, 218.6, 510, 1194, and 1198 and the IWC Wage Orders.

FIRST AMENDED COMPLAINT

46.     Defendants failed to pay Plaintiff and the Class Members for all of the actual hours worked, including for work over eight hours in a day and over forty hours in a workweek.  As stated, Defendant had, and continues to have, a security/loss prevention standards policy mandating that Plaintiff and class members undergo security bag and clothing checks before leaving the store premises. Specifically, after clocking out for their meal breaks and/or at the end of their shifts, Plaintiff and class members were required to wait off-the-clock for another employee to become available to perform the security bag check before they could leave. Plaintiff was required to wait "off-the-clock" for another employee to perform the security bag check before he was permitted to leave the store premises. Defendant did not pay at least minimum wages for the time Plaintiff and Class Members spent waiting to undergo security bag checks that would have qualified for overtime pay. Also, to the extent that these off-the-clock hours did not qualify for overtime premium payment, Defendants did not pay even minimum wages for those hours in violation of California Labor Code sections 1194, 1197, and 1197.1.

47.     Plaintiff and the Class Members are also entitled to penalties pursuant to Paragraph No. 20 of the applicable IWC Wage Order which provides, in addition to any other civil penalties provided by law, any employer or any other person acting on behalf of the employer who violates, or causes *to be* violated, the provisions of the IWC Wage Order, shall be subject to a civil penalty of $50.00 (for initial violations) or $100.00 (for subsequent violations) for each underpaid employee for each pay period during which the employee was underpaid in addition to the amount which is sufficient to recover unpaid wages.

48.     Defendant knew or should have known that its security/loss prevention standards policy caused Plaintiff and class members to incur off-the-clock time after punching out based on the location of Defendant's timekeeping system at the back of stores and requiring security bag checks to take place at the front of their stores. However, Defendant did not compensate Plaintiff and class members for the time they spent off-the-clock to undergo security bag checks. To the extent that the time Plaintiff and class members were subjected to security bag checks pursuant to Defendant's security/loss prevention policy qualified for overtime pay, Defendants failed to pay Plaintiff and class members overtime wages in violation of California Labor Code §§ 510 and

1   1198.

2       49.     As a result of Defendant's unlawful acts, Plaintiff and Class Members have been

3   deprived of compensation in an amount according to proof at the time of trial, and are entitled to

4   recovery of such amounts, plus interest thereon, liquidated damages pursuant to Labor Code §

5   1194.2, and attorneys' fees and costs, pursuant to Labor Code §§ 1194 and 2698, in an amount

6   according to proof at the time of trial.  Plaintiff and the Class Members are also entitled to

7   additional penalties and/or liquidated damages pursuant to statute.

8                           **SECOND CAUSE OF ACTION**

9                    **(Failure to Pay Minimum Wages - Labor Code § 1194**

10                   **By Plaintiff Individually and on Behalf of All Class Members)**

11      50.     As a separate and distinct cause of action, Plaintiff complains and realleges all of

12  the allegations contained in this complaint, and incorporate them by reference into this cause of

13  action as though fully set forth herein, excepting those allegations which are inconsistent with this

14  cause of action.

15      51.     At all relevant times, the IWC Wage Orders contained in Title 8 of the Code of

16  Regulations ("Wage Orders") applied to Plaintiff in Plaintiff's capacity as employees of

17  Defendants.  The Wage Orders and California law provided, among other things, that Plaintiff

18  must receive minimum wage earnings for all hours worked.

19      52.     During the Class Period, Defendants have routinely failed to pay Class Members,

20  including Plaintiff, the minimum wage required by the Employment Laws and Regulations for all

21  hours worked.

22      53.     The Class Members, including Plaintiff, have been deprived of their rightfully

23  earned minimum wages as a direct and proximate result of Defendants' policies and practices and

24  Defendants' failure and refusal to pay said wages for all hours worked.  The Class Members,

25  including Plaintiff, are entitled to recover the past wages owed to them, under the minimum wage

26  laws, plus an additional equal amount as liquidated damages as permitted under the Wage Orders

27  and California law, plus interest thereon and attorneys' fees and costs pursuant to Labor Code §§

28  1194 and 2698, in an amount according to proof at the time of trial.

FIRST AMENDED COMPLAINT

Case No. 3:18-cv-06453-WHA

### THIRD CAUSE OF ACTION

**(Failure to Pay Overtime Compensation - By Plaintiffs Individually and on Behalf of All Class Members: California Labor Code §§ 510 and 1194)**

54.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

55.     During the Class Period, Defendant has routinely required Sales Employees, including Plaintiff, to work over eight hours in a day and over forty hours in a workweek. However, Defendant has failed and refused to pay the Sales Employees, including Plaintiff, the overtime compensation required by the Employment Laws and Regulations.

56.     Defendant knew or should have known that its security/loss prevention standards policy caused Plaintiff and class members to incur off-the-clock time after punching out based on the location of Defendant's timekeeping system at the back of stores and requiring security bag checks to take place at the front of their stores. However, Defendant did not compensate Plaintiff and class members for the time they spent off-the-clock to undergo security bag checks.  To the extent that the time Plaintiff and class members were subjected to security bag checks pursuant to Defendant's security/loss prevention policy qualified for overtime pay, Defendant failed to pay Plaintiff and class members overtime wages in violation of California Labor Code §§ 510 and 1198.

57.     The Sales Employees, including Plaintiff, have been deprived of their rightfully earned overtime compensation as a direct and proximate result of Defendant's policies and practices and Defendant's failure and refusal to pay that compensation.  The Sales Employees, including Plaintiff, are entitled to recover such amounts, plus interest, attorney's fees and costs.

///

///

///

///

# FOURTH CAUSE OF ACTION

**(Failure to Provide Meal and Rest Periods - Labor Code §§ 226.7 and 512**

**By Plaintiff Individually and on Behalf of All Class Members)**

58.     As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

59.     During the Class Period, Defendant has failed to provide Sales Employees, including Plaintiff, legally compliant meal and rest periods during their work shifts, and has failed to compensate Sales Employees, including Plaintiff, for those meal and rest periods, as required by Labor Code § 226.7 and the other applicable sections of the Employment Laws and Regulations.

60.     Defendant's timekeeping systems are located at the back of their retail stores, while Plaintiff and Class Members were required to undergo security bag checks at the front of their stores after they had already clocked out for a meal break. For example, Plaintiff carried his backpack to work and after clocking out at the back of the store for the end of his shift or a meal break, was required to undergo a security bag check at the front of the store. After clocking out and then walking to the front of the store, Plaintiff had to wait for another employee to become available to perform the security bag check before he was permitted to leave.  Thus, after clocking out for a supposed meal break or stepping away for a purported rest break, Plaintiff remained under the custody and control of Defendant, and therefore such breaks - whether meal breaks or rest breaks - are interrupted, impeded, shortened and overall illusory in nature.

61.     The Sales Employees, including Plaintiff, have been deprived of their rightfully earned compensation for meal and rest periods as a direct and proximate result of Defendants' policies and practices and Defendants' failure and refusal to pay that compensation.  The Sales Employees, including Plaintiff, are entitled to recover such amounts pursuant to Labor Code § 226.7(b), plus interest.

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIFTH CAUSE OF ACTION

### (Failure to Furnish Accurate Wage and Hour Statements - Labor Code § 226

### By Plaintiff Individually and on Behalf of All Class Members)

62.     As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this complaint, and incorporate them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

63.     During the Class Period, Defendant has routinely failed to provide Class Members, including Plaintiff, with timely and accurate wage and hour statements showing gross hours earned, total hours worked, all deductions made, net wages earned, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate.

64.     As a consequence of Defendant's actions, Class Members are entitled to all available statutory penalties, costs and reasonable attorneys' fees, including those provided in Labor Code § 226(e), as well as all other available remedies.

## SIXTH CAUSE OF ACTION

### (For Waiting Time Penalties - Labor Code §§ 201-203

### By Plaintiff Individually and on Behalf of All Class Members)

65.     As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

66.     During the Class Period, Defendant failed to pay accrued wages and other compensation due immediately to each Class Member who was terminated, and failed to pay accrued wages and other compensation due within seventy-two hours to each Class Member , including Plaintiff, who ended his employment.

67.     Labor Code § 201 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge.  Labor Code § 203

15

FIRST AMENDED COMPLAINT

Case No. 3:18-cv-06453-WHA

provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by § 201, the employer is liable for waiting time penalties in the form of continued compensation for up to 30 work days.

68.     Defendant, and each of them, willfully failed and refused, and continue to willfully fail and refuse, to timely pay compensation due to Class Member upon termination or resignation, as required by Labor Code § 201.  As a result, Defendant, and each of them, are liable to Plaintiff and all Class Members similarly situated for waiting time penalties, together with interest thereon, pursuant to Labor Code § 203, as well as all other available remedies, in an amount according to proof at the time of trial.

## SEVENTH CAUSE OF ACTION

**(For Unfair Competition - Business & Professions Code § § 17200, *et seq.***

**By Plaintiff Individually and on Behalf of All Class Members)**

69.     As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

70.     As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Class Member s, including Plaintiff, and members of the public.  Defendants should be made to disgorge their ill-gotten gains and to restore them to Class Member s, including Plaintiff.

71.     Defendants' unfair business practices violate the Unfair Competition Laws and entitle Plaintiff to seek preliminary and permanent injunctive relief including, but not limited to, orders that Defendants account for, disgorge and restore to the Class Member s, including Plaintiff, the wages and other compensation unlawfully withheld from them.

72.     In addition to the actual damages caused by the unlawful conversion, the Class Members, including Plaintiff, are entitled to recover exemplary damages for the sake of example and by way of punishing Defendants.

16

FIRST AMENDED COMPLAINT

Case No. 3:18-cv-06453-WHA

## EIGHTH CAUSE OF ACTION

**(For Private Attorneys General Act - Labor Code §§ 2698, *et seq.***

**By Plaintiff Individually and on Behalf of All Class Members)**

73.    As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

74.    Plaintiff is an aggrieved employee as defined in Labor Code § 2699 (a).  Plaintiff brings this cause on behalf of himself and other current or former employees affected by the labor law violations alleged in this complaint.

75.    Defendant, at all times relevant to this complaint, were employers or persons acting on behalf of an employer who violated Plaintiff's rights by violating the aforementioned Labor Code sections and are therefore subject to civil penalties.

76.    Defendant committed the following violations of the Labor Code against Plaintiff, and, on information and belief, against other current or former employees while they were employed by Defendant:

a.    Defendant violated Labor Code §§ 201-203 by failing to pay all wages due on the date of the employee's involuntary termination or within 72 hours of the employee's voluntary termination.

b.    Defendant violated Labor Code § 204 by failing to pay all wages due at least twice during each calendar month, in compliance with those provisions.

c.    Defendant violated Labor Code § 216 by, having the ability to pay, willfully refusing to pay wages due and payable after demand has been made.

d.    Defendant violated Labor Code § 226 by failing to provide accurate itemized wage statements.

e.    Defendant violated Labor Code § 510 and provisions of the applicable IWC Wage Order by failing to compensate Class Members, including Plaintiffs, at one and one-half times the regular rate of pay for any work in excess of eight hours in a day and 40 hours in a week.

1  f.  Defendant violated Labor Code §§ 226.7 and 512 by failing to provide meal

2  and rest periods compliant with California law.

3  g.  Defendant violated Labor Code § 1174 by failing to maintain payroll

4  records showing the daily hours worked.

5  h.  Defendant violated Labor Code §§ 1194 and 1197 and provisions of the

6  applicable IWC Wage Order by failing to pay the legal minimum wage.

7  i.  Defendant violated Labor Code § 1199 by requiring or causing the

8  aggrieved employees, including Plaintiff, to work for longer hours than those fixed, or under

9  conditions of labor prohibited by the applicable IWC Wage Order, by paying the aggrieved

10  employees, including Plaintiff, a wage less than the minimum fixed by the applicable Wage

11  Order, or by violating or refusing or neglecting to comply with the provisions of the Labor Code

12  and applicable IWC Wage Order.

13  77.  Plaintiff provided written notice on or about August 31, 2018 by certified mail to

14  the Labor and Workforce Development Agency and to Defendant of the facts and theories

15  regarding the violations of the Employment Laws and Regulations.  Attached as Exhibit "1" is a

16  true and correct copy of the letter sent to the LWDA and Defendant.  The LWDA did not provide

17  any written notice within 60 days advising Plaintiff that they intended to take action on Plaintiff's

18  notice.

19  78.  Pursuant to PAGA, Plaintiff and the other aggrieved employees should be awarded

20  twenty-five percent (25%) of all penalties due under California law, including attorneys' fees and

21  costs.

22  **PRAYER FOR RELIEF**

23  WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for judgment

24  against Defendants as follows:

25  1.  For an Order certifying the First through Seventh Causes of Action as a class

26  action;

27  2.  For an Order maintaining the Eighth Cause of Action as a representative action;

28  3.  For an Order appointing Plaintiff's counsel as Class counsel;

4.      For compensatory damages in an amount to be ascertained at trial;

5.      For restitution in an amount to be ascertained at trial;

6.      For punitive and exemplary damages in an amount to be ascertained at trial;

7.      For all penalties allowed by law;

8.      For prejudgment interest;

9.      For reasonable attorneys' fees pursuant to Labor Code §§ 218.5, 226, 1194, and 2699;

10.     For costs of suit incurred herein;

11.     For disgorgement of profits garnered as a result of Defendants' unlawful failure to pay wages, including overtime wages, earned; and

12.     For such further relief as the Court may deem appropriate.


DATED:          May 7, 2020                    **BOYAMIAN LAW, INC.**
                                               **LAW OFFICES OF THOMAS W. FALVEY**



                                               By:   /s/ Armand R. Kizirian
                                                     MICHAEL H. BOYAMIAN
                                                     ARMAND R. KIZIRIAN
                                                     THOMAS W. FALVEY
                                               Attorneys for Plaintiff John Ornelas,
                                               individually and on behalf of all others similarly
                                               situated

FIRST AMENDED COMPLAINT

Case No. 3:18-cv-06453-WHA

## DEMAND FOR JURY TRIAL

Plaintiff John Ornelas, individually and on behalf of all similarly situated individuals, demand jury trial of this matter.

DATED:      May 7, 2020          **BOYAMIAN LAW, INC.**
                                 **LAW OFFICES OF THOMAS W. FALVEY**


                                 By:  /s/ Armand R. Kizirian
                                     MICHAEL H. BOYAMIAN
                                     ARMAND R. KIZIRIAN
                                     THOMAS W. FALVEY
                                 Attorneys for Plaintiff John Ornelas,
                                 individually and on behalf of all others similarly
                                 situated

FIRST AMENDED COMPLAINT
Case No. 3:18-cv-06453-WHA

Exhibit "1"



# B O Y A M I A N   L A W

August 31, 2018

**SENT VIA ONLINE SUBMISSION TO:**

Labor Workforce and Development Agency
Attention: PAGA Administrator
455 Golden Gate Avenue, 9th Floor
San Francisco, California 94102

  Re: ***Ornelas adv. Tapestry, Inc.***
     **Notice of PAGA Claims Pursuant to Labor Code Section 2699.3**

Dear Labor and Workforce Development Agency and Employer:

  Our office, along with the Law Offices of Thomas W. Falvey, represent John Ornelas with respect to various wage and hour claims on behalf of himself and other similarly situated current and former non-exempt, hourly employees of Tapestry, Inc. ("Tapestry" or "the Company"). The purpose of this letter is to satisfy the notice requirements of Labor Code Section 2699.3(a).  Also, enclosed with this letter, please find a check made out to the Labor Workforce and Development Agency in the amount of seventy-five dollars ($75.00) for the filing fee of this matter.[1]

  Below we set forth the facts and theories which we believe support our contention that Tapestry has violated and continues to violate various provisions of the California Labor Code including, but not limited to, failure to provide compensation for all hours worked, and meal and rest breaks.

  A true and correct copy of the Complaint, which (i) identifies the alleged violations, (ii) details the facts and theories which support the alleged violations, (iii) details the specific work performed by Plaintiff, (iii) sets forth the people/entities, dates, classifications, violations, events, and actions which are at issue to the extent known to Plaintiff, and (iv) sets forth the illegal practices used by Defendant, is attached hereto. This information provides further notice to the Labor and Workforce Development Agency of the facts and theories supporting the alleged violations for the agency's reference. Plaintiff therefore incorporates the allegations of the attached Complaint into

---

  [1] Sent Via First Class U.S. Mail to the following address: Department of Industrial Relations, Accounting Unit, 455 Golden Gate Avenue, 10th Floor, San Francisco, CA 94102.

Labor and Workforce Development Agency & Tapestry, Inc.
August 31, 2018
Page 2 of 5

this letter as if fully set forth herein. If the agency needs any further information, please
do not hesitate to ask.

### **Facts and Theories About the Case**

Tapestry is an international luxury fashion company which owns and operates
three major brands: Coach, Kate Spade, and Stuart Weitzman. John Ornelas worked for
Tapestry in California as a Sales Associate. Mr. Ornelas worked at the Company's Stuart
Weitzman retail locations in Canoga Park and Beverly Hills. Mr. Ornelas last worked for
Tapestry in or around June of 2018. Throughout his employment with Tapestry, Mr.
Ornelas was a non-exempt, hourly employee with overtime eligibility. Plaintiff typically
worked eight (8) or more hours per day and five (5) days per week.

Our investigation has revealed that as part of a uniform, company policy in its
retail locations located in California, Tapestry implements a security/loss prevention
measure that requires all non-exempt employees, like Mr. Ornelas, to have their bags,
jackets, and other items checked by a Tapestry personnel prior to leaving the store for all
shifts and breaks. Tapestry routinely fails to give these employees, including Mr. Ornelas,
their legally required duty-free meal and rest periods and full pay by requiring them to
remain in the store for a substantial period of time off the clock to engage in the
Company's theft prevention program.

Mr. Ornelas and other similarly situated non-exempt, hourly workers were
required to undergo a bag check and security inspection upon exiting the store. This was
a routine and continuous mandate. Aggrieved employees, including Mr. Ornelas, would
clock out, would walk towards an exit where they would have to wait to have another
Tapestry employee administer the bag and clothing check. Because these retail store
locations were often understaffed, Mr. Ornelas had to wait anywhere from 5 to 20
minutes to have another colleague administer the security/loss prevention check process.

Aggrieved employees were not compensated for the time spent waiting to be
released from the store. When aggrieved employees, including Mr. Ornelas, wait for and
undergo the bag and security inspection, they are under the control of their employer and
must be compensated for that time. *See Morillion v. Royal Packing Co.*, 22 Cal.4th 575
(2000); *See also Troester v. Starbucks Corp.*, 421 P.3d 1114 (2018) (recent California
Supreme Court decision affirming that relevant statutes and wage order do not allow
employers to require employees to routinely work for minutes off-the-clock without
compensation.)

The unpaid hours are not reflected on wage statements issued to the employees, in
violation of Labor Code Section 226. California Labor Code Section 226(a) governs the

Labor and Workforce Development Agency & Tapestry, Inc.
August 31, 2018
Page 3 of 5

information that must appear on wage statements.  Specifically, Labor Code Section
226(a) requires that wage statements accurately itemize "(2) total hours worked by the
employee..." Tapestry's wage statements are facially non-compliant by virtue of the
Company's security check process which does not accurately record the total hours
worked by aggrieved employees, including Mr. Ornelas.  Accordingly, the wage
statements do not accurately itemize or reflect showing gross hours earned, total hours
worked, all deductions made, net wages earned, and all applicable hourly rates in effect
during each pay period and the corresponding number of hours worked at each hourly
rate.

        The failure to account for these hours or provide full meal break or rest periods
has resulted in pay totals that equal less than minimum wage.  The employees have also
not been accorded any overtime pay that they would have received had Tapestry
accounted for the hours worked off-the-clock.

        These unpaid wages were also not paid at the time of the employees' termination
or resignation, in violation of Labor Code Section 203.  Additionally, wages that had been
accounted for were not paid to employees upon the requisite time following their
termination or resignation.

        California Labor Code Section 2699.3(a) requires an aggrieved employee to
inform the Agency before filing a civil action under the Private Attorneys General Act of
2004 ("PAGA").  Based on the foregoing facts, Mr. Ornelas is asserting PAGA claims on
behalf of himself and on behalf of all other non-exempt, hourly employees employed by
the Company in its California retail locations from August 31, 2017, to the present.  Mr.
Ornelas seeks civil penalties under PAGA for the following Labor Code violations:

        1.      Violations of Labor Code sections 216, 1194, 225.5, 558 for failing to pay
minimum and overtime wages due.  Specifically, the Company does not pay minimum
and overtime wages to Plaintiff and other non-exempt, hourly employees for all hours
worked, as required by Labor Code sections 216, 510, 511, 558, 1182.1-1182.3,
1194-1197.1 and 1198.

        2.      Violations of Labor Code section 558 for failing to pay wages due,
including those for missed meal and rest periods as required by Labor Code sections
226.7, 512, 551-553.  Specifically, with respect to meal breaks, the Company does not
permit Plaintiff and other non-exempt, hourly employees to take an uninterrupted,
off-duty, and/or full meal periods, and does not pay one additional hour of pay at their
regular rate of compensation for each missed meal period.  The Company also does not
provide Plaintiff and other non-exempt, hourly employees with rest periods.  Nor does it
pay one additional hour of pay at their regular rate of compensation for each missed rest

Labor and Workforce Development Agency & Tapestry, Inc.
August 31, 2018
Page 4 of 5

period.

     3.      Violations of Labor Code sections 226 and 226.3, requiring employers to provide specific information on employees' itemized wage statements, as the Company does not include all hours worked and wages earned on the wage statements of Plaintiff and other non-exempt, hourly employees.

     4.      Violations of Labor Code sections 204 and 210, based on the Company 's failure to pay Plaintiff and similarly situated non-exempt, hourly employees on the regular pay day all owed wages, and the Company's failure to fully compensate former employees in a timely manner when their employment ended, in violation of Labor Code Section 201 *et seq.*

     Accordingly, we believe the Company has violated, and continues to violate, numerous provisions of California law, including, without limitation Labor Code Sections §§ 201, 202, 203, 204, 210, 216, 221, 223, 225.5, 226, 226.3, 226.7, 510, 511, 512, 551, 552, 558, 1174, 1174.5, 1194-1197.1, 1198, 2802, and 2698, *et seq.*, as well as the relevant IWC orders and regulations, and that Mr. Ornelas and other similarly situated current and former non-exempt, hourly Sales employees are entitled to all damages, restitution and statutory penalties allowed by law.  Our investigation is continuing, and there may be more violations uncovered.

////

////

////

////

////

Labor and Workforce Development Agency & Tapestry, Inc.
August 31, 2018
Page 5 of 5

     We respectfully request that the Labor Workforce Development Agency notify this office within sixty (60) days if it wishes to investigate this matter further or, in the alternative, notify us that you will not pursue an investigation so that we may pursue these penalties under the Private Attorney General Act of 2004.  Should you have any questions or concerns or require additional information, please do not hesitate to contact the undersigned.  If the Company wishes to resolve these claims without resorting to protracted litigation, please contact the undersigned forthwith to discuss this matter further.

     Thank you for your immediate attention to this matter.

         Sincerely,

         BOYAMIAN LAW, INC.
         LAW OFFICES OF THOMAS W. FALVEY

         *A.R.K_____ for*

         Michael H. Boyamian, Esq.

Cc:    Tapestry, Inc. (*Sent via Certified U.S. Mail, Return Receipt Requested*)
       Attention: Victor Luis, Chief Executive Officer
       10 Hudson Yards
       New York, New York 10001